UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TYBRASIA AURIAUNA RIVERS,<br><br>Plaintiff,<br><br>-vs-<br><br>THE CITY OF NORTH CHARLESTON, SOUTH CAROLINA, PTL JARED D. MARTIN, Individually and in his Official Capacity, PFC BECK, Individually and in his Official Capacity, JOHN DOE, Individually and in his Official Capacity,<br><br>Defendants. | CIVIL ACTION NO.: 2:25-cv-4789-BHH-MGB<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

The Plaintiff, Complaining of the Defendants would respectfully show unto this Honorable Court, and allege as follows:

**IDENTIFICATION OF DEFENDANTS, VENUE & JURISDICTION**

1. That, the Plaintiff was a citizen and resident of the County of Charleston, State of South Carolina and a citizen of the United States of America and at all times complained of herein was subject to the jurisdiction of the United States of America.

2. That, all acts and commissions complained of occurred within the County of Charleston, State of South Carolina and wholly within the jurisdiction of the United States of America.

3. That, the Defendant CITY OF NORTH CHARLESTON, (herein after CITY) it's officers, staff and/or employees Constitute a political subdivision of the State of South Carolina as defined in the *South Carolina Tort Claims Act, Section 15-78-10 et seq.*

4. That, at all times as alleged herein, the Defendant PTL JARED D. MARTIN (hereinafter MARTIN) was employed as a sworn police officer acting under the color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and/or omissions occurred in the County of Charleston, South Carolina.

5. That, at all times as alleged herein, the Defendant PFC BECK (hereinafter BECK) was employed as a sworn police officer acting under the color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and /or omissions occurred in the County of Charleston, South Carolina.

6. That at all times as alleged herein, the Defendant JOHN DOE (hereinafter DOE) was employed as a sworn police officer acting under color of state law (South Carolina) and was acting within the course and scope of employment as a sworn police officer with the Defendant CITY and all such actions, inactions and/or omissions occurred in the County of Charleston, South Carolina.

**GENERAL ALLEGATIONS OF FACT**

7. That on or about June 10, 2023 at about 23:25 in the evening the Plaintiff came out of an upstairs room that she had reserved at the Red Roof Inn in the area of 7480 Northwood Boulevard, City of North Charleston.

8. Plaintiff then looked down from the balcony to see several police officers looking into

her car.

9. Plaintiff asked the officers what they were looking for.

10. An officer said for her to take-off her head scarf because it is illegal.

11. Plaintiff walked down the stairs and asked again what were they looking for.

12. The officers refused to answer and then tried to grab the Plaintiff.

13. The officers grabbed Plaintiff's arm violently behind her back and pushed her violently against her car.

14. Plaintiff yelled that she was pregnant and that they were hurting her, but the officers did not stop the force.

15. Plaintiff was put in handcuffs and told her she was under arrest.

16. Plaintiff kept asking the officers why is she being arrested and the officers refused to respond.

17. Plaintiff asked the officers for permission to call her Dad and the officers replied who is your Dad.

18. Plaintiffs friend called Plaintiff's parents to come to the Red Roof Inn and while they were on their way, the police released Plaintiff from the police car and released the handcuffs.

19. Plaintiff then went to the hospital the next day to check on her sprained shoulder.

20. Two days after that, Plaintiff was complaining of pain in her abdomen and went to see

## STATE CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
(Gross Negligence by the City of North Charleston)

21. That each and every allegation of fact alleged in paragraphs one (1) through twenty (20) are restated and re-alleged herein as if verbatim.

22. That the Defendant CITY and or CITY of North Charleston Police Department, through its officers, agents and employees were negligent, grossly negligent and reckless in the following particulars. To wit:

   a. By causing the unlawful Arrest/detainment of the Plaintiff without probable cause to do so;

   b. By the Defendants failing to know the laws and understand the training of the legal procedures in detaining Plaintiff by escalating the situation;

   c. By failing to communicate to responding officers the true nature of the facts;

   d. By Defendants using unreasonable force to detain and arrest the Plaintiff;

   e. By Defendants failing to use due care in the detaining and arresting of Plaintiff;

   f. In other ways, to be proven at trial.

23. That as a direct and proximate result of the negligent, grossly negligent, willful, wanton actions and omissions of the Defendant CITY through its officers, agents, and

employees, the Plaintiff suffered and will continue to suffer damages, including but not limited to : loss of liberty, loss of reputation, loss of society with family, attorneys fees, legal costs, shame, humiliation, degradation, medical expenses.

### FOR A SECOND CAUSE OF ACTION
(Violation of State Civil Rights by the City of North Charleston)

24. That each and every allegation of fact alleged in paragraphs one (1) through twenty-three- (23) are restated and re-alleged herein as if verbatim.

25. That Article 1, Section 23 of the South Carolina Constitution states that the rights of citizens granted in Article 1, Section 23 of the South Carolina Constitution states that the rights of citizens granted in Article 1 "shall be taken deemed and construed to be mandatory and prohibitory..."

26. That the Defendant, CITY and its officers, agents and employees deprived the Plaintiff of civil rights guaranteed by the South Carolina Constitution in the following ways:

   a. By exceeding the authority granted to police officers;
   b. By violating the Plaintiff's right to be free from unreasonable arrest/detainment granted and secured by Article 1, Section 10 of the South Carolina Constitution;
   c. By violating the Plaintiff's right to be free from unreasonable invasions of privacy granted and secured by Article 1, Section 10 of the South Carolina Constitution;
   d. By denying the Plaintiff Due Process of law granted and secured by Article 1, Section 3 of the South Carolina Constitution; and
   e. In other ways to be proven at trial.

27. That, as a direct and proximate result of the negligent, grossly negligent, willful, wonton actions and omissions of the Defendant CITY through its officers, agents and employees, the Plaintiff suffered and will continue to suffer damages, including but not limited to: loss of liberty, attorney fees, and legal costs. Shame, shock, humiliation, degradation and inhumane treatment, medical expenses.

## FEDERAL CAUSES OF ACTION

### FOR A THIRD CAUSE OF ACTION
(Civil Rights Violations of 42 U.S.C. Section 1983, 1988)
Asserted against Ptl Jared D. Martin

28. That each and every allegation of fact alleged in paragraphs one (1) through twenty-seven (27) are restated and re-alleged is a sworn police officer and was acting at all times under the color of state law of South Carolina.

29. That the Defendant MARTIN deprived the Plaintiff of federally protected rights provided for in the United States Constitution in the following particulars:

   a. By violating the Plaintiff's 4th Amendment and 14th Amendment rights to be free from unreasonable search and seizures, arrest/detainment and incarceration by State actors;

   b. By depriving the Plaintiff 5th and 14th Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to her seizure;

   c. By unreasonably invading the Plaintiff's privacy and disrupting his life, protected by the 4th Amendment.

### FOR A FOURTH CAUSE OF ACITON
(Civil Rights Violations of 42 U.S.C. 1983, 1988)
<u>Asserted against PFC Beck</u>

30. That each and every allegation of fact alleged in paragraphs one (1) through twenty-nine (29) are restated and re-alleged herein as if verbatim.

31. That the Defendant BECK is a sworn police officer and was acting at all times under color of state laws of South Carolina. That the Defendant, BECK deprived the Plaintiff of federally protected rights provided by the United States Constitution in the following particulars:

   a. By violating the Plaintiff's Fourth Amendment and Fourteenth Amendment rights to be free from unreasonable seizure, arrest/detain ;

   b. By violating the Plaintiff's Fifth Amendment and Fourteenth Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to Plaintiff's seizure;

   c. By unreasonably invading the Plaintiff's privacy and disrupting her family life, rights protected by the Fourth Amendment.

### FOR A FIFTH CAUSE OF ACTION
(Civil Rights Violations 42 U.S. C. section 1983, 1988)
<u>Asserted Against John Doe</u>

32. That each and every allegation of fact alleged in paragraphs one (1) through Thirty-one (31) are restated and re-alleged and was a sworn police officer and was acting at all times under color of state law of South Carolina.

33. That the Defendant DOE deprived the Plaintiff of federally protected rights provided for in the United States Constitution in the following particulars:

   a. By violating the Plaintiff's 4th Amendment and 14th Amendment rights to be free from unreasonable search and seizure, arrests/detainment and incarceration by State actors;

   b. By depriving the Plaintiff of 5th and 14th Amendment rights to Due Process of law by failing to conduct a reasonable investigation which led to her seizure;

   c. By unreasonably invading the Plaintiff's privacy and disrupting her life, protected by the 4th Amendment.

## FOR A SIXTH CAUSE OF ACTION
( Civil Rights Violations 42 U.S.C. Section 1983, 1988)
Asserted Against the City of North Charleston

34. That, each and every allegation of fact alleged in paragraphs one (1) through Thirty-three (33) are restated and re-alleged herein as if verbatim.

35. That the Defendant CITY is a municipality situated in the State of South Carolina, acting under the color of South Carolina State law and is a person as defined by *Monell v. Department of Social Services, 436 U.S. 658, (1978).*

36. That the Defendant violated the Plaintiff's 5th, 8th and 14th Amendments rights to the following particulars:

   a. By adopting a policy, custom, practice or procedure that denies citizens, such as the Plaintiff, their Due Process rights to detention and arrest, and incarceration;

       b. In other ways to be proven at trial.

37. That as a direct and proximate result of the deprivations of rights afforded under the United States Constitution by the Defendant CITY, the Plaintiff suffered and will continue to suffer damages, including, but not limited to: loss of liberty, incurred attorney fees and legal costs, loss of reputation, loss of society with her family, suffered shame, shock, humiliation, degradation and inhumane treatment as a citizen and person, loss of the life of her baby, all subject to the jurisdiction of the United States.

WHEREFORE, the Plaintiff prays that this Honorable Court assess and award damages in a just amount for the full and complete compensatory damages and costs on the State causes of action as determined by a duly constituted jury, together with the punitive damages, costs and attorneys fees on the federal causes of action, as determined by a duly constituted jury, and for such other and further relief as the Court and justice will allow. A trial by jury is constitutionally demanded pursuant to the 7th and 14th Amendments to the United States Constitutions and Article 1, Section 14 of the South Carolina Constitution (1985 as Amended).

                                          Respectfully Submitted,

                                          By: s/ Eric J. Erickson, Esquire
                                          One Beaufort Town Center
                                          2015 Boundary Street, Suite 328
                                          Beaufort, South Carolina  29902
                                          SC Bar No. 8232
                                          Fed Id. No.: 6823
                                          843. 522.9164
                                          attorney@ericjericksonlaw.com
                                          ATTORNEY FOR THE PLAINTIFF

Charleston, South Carolina
May 12, 2025